Filed 5/12/23  P. v. Ibarra CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY IBARRA,<br><br>    Defendant and Appellant. | 2d Crim. No. B320100<br>(Super. Ct. No. VA155929)<br>(Los Angeles County) |

Anthony Ibarra appeals a judgment following his no contest plea to possession for sale of a controlled substance, heroin (Health. & Saf. Code, § 11351), a felony, after the denial of his motion to suppress evidence.  (Pen. Code, § 1538.5.)  The trial court suspended imposition of sentence and placed him on probation for two years.

We conclude, among other things, that 1) the trial court properly denied his motion to suppress evidence; but 2) in conducting an in camera review of police personnel records in response to Ibarra's *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531; Pen. Code, § 832.7; Evid. Code, § 1043 et

seq.), the court did not disclose to the defense a relevant complaint against the officer. We conditionally reverse the judgment and remand with instructions.

## FACTS

On January 6, 2021, Sheriff Deputy Alex Hernandez and his partner John Balarosan were on duty near a hotel. They saw Ibarra immediately walk away from a hotel room after he looked in their direction. Ibarra then threw an item away. The officers searched that area for that item and found a "bindle" containing a white substance resembling methamphetamine.

The officers detained Ibarra and asked his permission to search his hotel room. Ibarra agreed and he signed a search entry waiver form. With his consent, the officers searched Ibarra's hotel room. They discovered illegal controlled substances in his room.

Ibarra filed a motion to suppress the evidence obtained in the search. He claimed the officers searched the room without his consent. He claimed the signature on the consent to search form was not his. The trial court denied the suppression motion finding the People had met their burden to show a lawful search.

Ibarra filed a *Pitchess* motion. The trial court found the defense had established good cause to review the officers' personnel records. After conducting an in camera review, the court released some records for review by the defense.

## DISCUSSION

*The Motion to Suppress Evidence*

Ibarra contends the trial court erred by denying his motion to suppress evidence. (Pen. Code, § 1538.5.) He claims the evidence shows the police conducted a search without his consent.

2

The trial court is the fact finder on a motion to suppress. (*People v. Woods* (1999) 21 Cal.4th 668, 673.) It decides the credibility of witnesses; it weighs the evidence and resolves evidentiary conflicts. (*Ibid*.) We do not decide the credibility of witness testimony or reweigh the evidence.

Searches conducted without a warrant are "unreasonable per se under the Fourth Amendment unless it falls within one of the 'specifically established' " exceptions to that requirement. (*People v. Woods*, *supra*, 21 Cal.4th at p. 674.) "It is 'well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent.' " (*Ibid*.)

Sheriff Deputy Hernandez testified Ibarra immediately began to walk away from a hotel room when he saw the officers. Ibarra appeared to be throwing trash away. The officers detained him for a "littering investigation." Ibarra told the officers that he tossed away "a loaded syringe" containing drugs. He agreed that the officers could search him "for any additional contraband." When Hernandez searched the area where Ibarra tossed the item, he found a "bindle" containing a white substance "resembling methamphetamine." Ibarra said it was his.

The officers asked Ibarra if they could search his hotel room. Ibarra agreed and he signed a "search entry waiver form." In a search the officers found illegal drugs.

Ibarra testified the officers handcuffed him and put him in a patrol car. When they asked his permission to search the hotel room, he said "no." He said the signature on the search consent form was not his. Ibarra admitted that he signed a citation at the police station.

Ibarra notes the trial court said, "Deputy Hernandez testified credibly; Mr. Ibarra testified credibly." He claims this undermines the court's ruling on the motion. But the court made these comments before it ruled on the motion. A "court's comments" may "never be used to impeach the order or judgment." (*Burbank-Glendale-Pasadena Airport Authority v. Hensler* (1991) 233 Cal.App.3d 577, 591.) Such "comments in oral argument may never be used to impeach the final order." (*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 633.) The reason for this is that the court "retains inherent authority to change its . . . findings of fact . . . at any time before entry of judgment . . . ." (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268.)

The trial court found the signature on the citation, that Ibarra admitted he signed, was "similar" to the signature on the search waiver form. Both begin with what appears to be a large crude-shaped letter "A" slanting to the left. It found the evidence "boils down" to a "credibility call[]." The court said the "search waiver was completed before the search." The People note the court rejected the defense claim that the officers had fabricated the signature. The court found the People met their burden to prove "the search was lawful." Consequently, it ultimately resolved the conflict in the evidence against Ibarra. Ibarra has not shown the court erred by denying the motion. (*People v. Woods, supra*, 21 Cal.4th at p. 673.)

*The Pitchess Motion*

Ibarra filed a *Pitchess* motion (*Pitchess v. Superior Court, supra*, 11 Cal.3d 531; Pen. Code, § 832.7; Evid Code, § 1043 et seq.) to discover relevant information from the police officers' personnel records.

4

"A criminal defendant, on a showing of good cause, is entitled to discovery of information in the confidential personnel records of a peace officer when that information is relevant to defend against a criminal charge." (*People v. Gaines* (2009) 46 Cal.4th 172, 176.)

In the declaration in support of the motion, defense counsel declared that officers Hernandez and Balarosan had a "custom of engaging in misconduct" that included fabricating evidence and conducting searches without a defendant's consent. The trial court granted the motion and held an in camera review of the officers' personnel records. The court ordered certain information from these records to be disclosed to the defense, including a complaint by a woman who said the officers "illegally searched her residence after she was arrested."

But there was another complaint that was not disclosed to the defense. In complaint No. 254917, filed on October 23, 2020, a man claimed one of the officers "entered his home, without any legal justification, while he was away." This complaint was relevant to the defense claim that the officers had a pattern of searching homes without consent from defendants. It should have been disclosed to the defendant. Consequently, the judgment must be conditionally reversed. (*People v. Gaines, supra*, 46 Cal.4th at pp. 180-182.)

DISPOSTION

The judgment is conditionally reversed. The trial court on remand shall disclose complaint No. 254917 to the defense and hold a hearing where the defendant shall have the burden to show "a reasonable probability of a different outcome had the evidence been disclosed." (*People v. Gaines, supra*, 46 Cal.4th at p. 182; *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1232.) If the

5

defendant meets that burden, the judgment shall be vacated; if not, the court must reinstate the judgment. (*Id*. at p. 176.) Depending upon what the court determines after its review on remand, it may wish to reconsider its ruling on the Penal Code section 1538.5 motion. We leave this decision to the trial court's discretion.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.


6

Lee W. Tsao, Judge

Superior Court County of Los Angeles

_____

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.